**UNITED STATES COURT OF APPEALS**

**FOR THE FIFTH CIRCUIT**

No. 95-60129
Summary Calendar

PEDRO SAN JUAN-CRUZ,

Petitioner,

VERSUS

IMMIGRATION AND NATURALIZATION SERVICE,

Respondent.

Petition for Review of a Final Order of
the Board of Immigration Appeals

(A91 572 726)

(October 20, 1995)

Before GARWOOD, WIENER, and PARKER, Circuit Judges.

PER CURIAM[*]:

## I.  FACTS

By Order to Show Cause ("OSC") dated November 27, 1991, and filed on December 18, 1991, the Immigration and Naturalization Service ("INS") sought to deport Pedro San Juan-Cruz ("San Juan").

---

[*]  Local Rule 47.5 provides:
"The publication of opinions that have no precedential value and merely decide particular cases on the basis of well-settled principles of law imposes needless expense on the public and burdens on the legal profession."
Pursuant to that Rule, the Court has determined that this opinion should not be published.

San Juan was initially accused of entering the United States on or about January 15, 1990, by presenting a Resident Alien Card ("I-551") issued on the basis of his alleged eligibility as a Special Agricultural Worker ("SAW"). It was further alleged that San Juan had obtained his I-551 by fraud because he purchased a fraudulent affidavit attesting to the fact that he was qualified as a SAW when he actually was not, and thus, he lacked a valid entry document.

On May 13, 1992, the INS filed an amended OSC alleging that San Juan entered the United States on or before October 26, 1988, and that he had obtained an adjustment of status on December 1, 1990, pursuant to § 210 of the Immigration and Nationality Act ("INA"), 8 U.S.C. § 1180, based on his fraudulent SAW status. Approximately two weeks prior to the filing of the amended OSC, San Juan's attorney filed an application for a waiver of deportation pursuant to § 241(a)(1)(H) of the INA, 8 U.S.C. § 1251(a)(1)(H).

The INS opposed the request, arguing that San Juan was not statutorily eligible for relief because he committed the alleged fraud at the time of adjustment of status as opposed to the time of entry. The INS argued, *inter alia*, that § 241(a)(1)(H) provides a waiver for aliens who commit fraud at the time of entry only, not for those who commit fraud at the time of adjustment of status.

An Immigration Judge ("IJ") conducted a hearing on August 25, 1992, to determine whether San Juan was statutorily eligible for a waiver under § 241(a)(1)(H). San Juan argued that he had made a number of departures and reentries into the United States subsequent to the time he committed the alleged fraud regarding the

2

adjustment of status. The INS stipulated that San Juan had entered the United States in or about January 1991, subsequent to the alleged fraudulent adjustment of status.

The IJ found that San Juan was not statutorily eligible for a waiver under § 241(a)(1)(H), holding that relief under § 241(a)(1)(H) is available to a respondent in deportation proceedings who has been "charged with excludability at entry," and thus, San Juan could not "avail himself of the provisions of Section 241(a)(1)(H)" because he was not charged with being excludable at entry but rather, being excludable at the time of adjustment of status.

San Juan filed a notice of appeal with the Board of Immigration Appeals ("BIA") on September 2, 1992, which stated:

> The Immigration Judge erred in ordering Respondent deported. Also erred in deciding that Respondent was not statutorily eligible to apply for relief under Waiver as per Section 241(a)(1)(H) of the Act. The facts of this case support Respondent's right to apply and be considered for such a Waiver, which the Judge denied to consider.

The notice of appeal also requested thirty days after receipt of the hearing transcript to file a brief. San Juan concedes that his lawyer failed to file a brief.

The INS responded to San Juan's notice of appeal, listing as an appellate issue, "[w]hether the Immigration Judge erred in denying relief under § 241(a)(1)(H)." The INS noted that San Juan had not filed a brief and thus, moved to dismiss the appeal for lack of prosecution and because "it was not supported by any legal argument."

3

The BIA summarily dismissed San Juan's appeal, without reaching the merits, on January 23, 1995. In so doing, the BIA stated that San Juan had "in no meaningful way identified the basis of the appeal from the decision of the immigration judge." The BIA also noted that San Juan had indicated "that he would be filing a separate written brief or statement in support of his appeal . . . [but] [n]o brief or statement was subsequently filed by counsel . . . [and] [n]o explanation has been given for his failure to file a brief after he indicated he would do so."

San Juan filed a timely petition for review.

## II. DISCUSSION

San Juan contends that the BIA erred by summarily dismissing his appeal because the notice of appeal, although admittedly:

> not a `model of clarity,' was adequate to apprise the Board of the nature of his appeal . . . [and] put the Board on notice that he was challenging the Immigration Judge's denial of his application for relief and deportation under INA 241(a)(1)(H) on the ground that the Petitioner was statutorily ineligible.

Summary dismissals based on the lack of specificity in a notice of appeal are reviewed for an abuse of discretion. *Medrano-Villatoro v. I.N.S.*, 866 F.2d 132, 134 (5th Cir. 1989). In *Medrano-Villatoro*, this court held that: 1) the statement of reasons for appeal must inform the BIA what was wrong about the IJ's decision and why; 2) the statement must specify whether the petitioner challenges erroneous findings of fact or law, or both; 3) if a question of law is presented, supporting authority must be cited, and if the dispute is on the facts, the particular details at issue must be identified; and 4) if the denial of discretionary

4

relief is in question, the statement must disclose whether the alleged error relates to grounds of statutory eligibility or the exercise of discretion. *Id.* at 133-34.

The court further held that although "the petitioner could have set out his reasons for appeal at greater length in a brief or separate written statement, he was not required to do so. Nor was he required to fully argue his position in the notice of appeal." *Id.* at 134.

Therefore, because the "petitioner's statement of reasons for his appeal was sufficiently detailed to allow the BIA to determine the nature of the error and to guide the BIA in its preliminary assessment of the record," summary dismissal "on the grounds the petitioner failed to specify the reasons for the appeal was an abuse of discretion." *Id.* It is unclear whether the petitioner in *Medrano-Villatoro* listed, as any of his reasons for the appeal, a question of law; it is clear that he raised a fact issue. *Id.* at 133-34.

At the time of the *Medrano-Villatoro* decision, 8 C.F.R. § 3.1(d)(1-a)(i) accorded the BIA the discretion to summarily dismiss an appeal if "`the party concerned fails to specify the reasons for his appeal on Form I-290A (Notice of Appeal)'." *Medrano-Villatoro*, 866 F.2d at 133. On April 6, 1992, the U.S. Attorney General proposed Interim Regulations amending, *inter alia*, 8 C.F.R. § 3.1(d)(1-a)(i). 57 Fed. Reg. 11,568-11,575 (April 2, 1992). The proposed Interim Regulations were adopted by the

5

Attorney General as final on January 13, 1994. 59 Fed. Reg. 1,896-1,900 (Jan. 13, 1994).

The proposed, and subsequently finalized, regulations provide that the BIA has the discretion to summarily dismiss an appeal if "the party concerned fails to specify the reasons for the appeal on Form EOIR-26 or Form EOIR-29 (Notices of Appeal) or other documents filed therewith." 8 C.F.R. § 3.1(d)(1-a)(i)(A). Also, the regulations in question added § 3.1(d)(1-a)(i)(E) which states that the BIA has the discretion to summarily dismiss an appeal if "the party concerned indicates on Form EOIR-26 or Form EOIR-29 that he or she will file a brief or statement in support of the appeal, and, thereafter, did not file [same], or reasonably explain his or her failure to do so, within the time set for filing."

After the Interim Regulations had been proposed, but prior to their finalization, this court reiterated that an appeal from the BIA's summary dismissal, on the ground that a petitioner failed to specify the basis for an appeal, would be governed by *Medrano-Villatoro*. *Verduzco-Arevalo v. I.N.S.*, 989 F.2d 186, 187 (5th Cir. 1993). In *Verduzco-Arevalo*, this court, without setting out the grounds contained in the petitioner's notice of appeal, found that the grounds satisfied "the threshold standard approved in *Medrano-Villatoro*," and remanded the case to the BIA for a ruling on the merits. *Id.* at 187.

There is no published authority directly on point in this circuit addressing the adequacy of a notice of appeal which presents both a question of law and a question of fact, and there

6

is no published authority interpreting the regulations finalized on January 13, 1994, with respect to the BIA's summary dismissal of appeals. Unpublished authority indicates that a notice of appeal is subject to summary dismissal under § 3.1(d)(1-a)(i)(A) when a petitioner fails to cite authority in support of a legal argument. *See Shadwell v. I.N.S.*, No. 93-5602, slip op. at 3 (5th Cir. Aug. 31, 1994).[1]

San Juan's notice of appeal states that the IJ erred in deciding that San Juan "was not statutorily eligible to apply for relief under a Waiver as per Section 241(a)(1)(H)." The notice also states that the "facts of this case support [San Juan's] right to apply and be considered for such a Waiver." San Juan's statement of reasons is not "sufficiently detailed to allow the BIA to determine the nature of the error and to guide the BIA in its preliminary assessment of the record." *Medrano-Villatoro*, 866 F.2d at 134. It was not an abuse of discretion for the BIA to conclude that the notice did not tell the BIA what was wrong with its decision. Furthermore, San Juan's notice did not specifically cite supporting authority regarding his presentation of a question of law. *Id.*

San Juan filed his notice of appeal in September 1992. The proposed regulations discussed above, originally proposed in April

---

[1]*Shadwell* involved a summary dismissal under § 3.1(d)(1-a)(i)(A) for, *inter alia*, failure "to offer supporting authority for [the] alleged legal errors." *Shadwell*, slip op. at 3. However, unlike the instant case which appealed a legal issue concerning statutory eligibility for a waiver of deportation, *Shadwell* concerned a legal issue concerning discretionary eligibility for a waiver of deportation. *Id.* at 1-3.

1992, became final on January 13, 1994. The BIA then dismissed San Juan's appeal on January 23, 1995. Thus, the regulations became final after the notice was filed yet before the appeal was dismissed. However, this court need not address the applicability of the regulations in this setting. Whether or not the regulations apply, San Juan's notice was insufficient under *Medrano-Villatoro*.

San Juan devotes a significant amount of his appellate brief to arguing the merits of the claims raised before the IJ. This court is without jurisdiction to entertain the merits of his claims and thus, must decline to do so because this court's review is confined to the BIA's decision. *See Ozdemir v. I.N.S.*, 46 F.3d 6, 8 (5th Cir. 1994) (court does not have jurisdiction to consider substantive issues not raised before the BIA); *Townsend v. I.N.S.*, 799 F.2d 179, 181-82 (5th Cir. 1986) (insufficient notice of appeal to BIA is tantamount to a failure to exhaust administrative remedies which, when statutorily mandated, as it is in this case, *see* 8 U.S.C. § 1105a(c), is jurisdictional, precluding review by this court).

The order of the BIA is therefore AFFIRMED.